UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ALVARADO, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action No.: 1:16-cv-00464 |
| v. | ) ) | |
| CONN'S, INC. | ) ) | Class Action Complaint |
| | ) | |
| Defendant. | ) ) | Jury Trial Demanded |

**Nature of this Action**

1. Jose Alvarado brings this class action against Conn's, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*       \*       \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls and text messages to numbers assigned to a cellular telephone service, without prior express

consent.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Mr. Alvarado resides in this district, a portion of the events giving rise to this action occurred in this district, and where Defendant transacts business in this district.

## Parties

6. Mr. Alvarado is a natural person who at all relevant times resided in Austin, Texas.

7. Defendant is an electronics, furniture, mattress and appliance store chain headquartered in The Woodlands, Texas.

## Factual Allegations

8. Sometime in 2014, Defendant began placing calls to Mr. Alvarado's cellular telephone number ending in 4214 in an apparent attempt to collect a debt.

9. Defendant placed calls to Mr. Alvarado's cellular telephone from multiple telephone numbers, including (512) 920-5719 and (512) 920-5720.

10. On at least one occasion, Mr. Alvarado spoke with Defendant and directed Defendant to cease placing calls to his cellular telephone number.

11. But despite Defendant's knowledge that it was not to call Mr. Alvarado's cellular telephone number, Defendant continued to do so, including placing calls to his cellular telephone number on July 30, 2015 and September 28, 2015.

12. Also sometime in 2014, Defendant began sending text messages to Mr. Alvarado's cellular telephone number ending in 4214.

13. On one occasion Mr. Alvarado responded to one Defendant's text messages by writing: "Stop texting me!"

14. On another occasion Mr. Alvarado responded to one of Defendant's text messages by writing: "Stop."

15. But despite Defendant's knowledge that it was not to send text messages to Mr. Alvarado's cellular telephone number, Defendant continued to do so.

16. Of note, the text messages that Defendant sent to Mr. Alvarado's cellular telephone number after Mr. Alvarado instructed Defendant to "Stop texting me!" and to "Stop" included marketing or promotional information in the form of encouragement to call or otherwise contact Defendant, which, if responded to, would, upon information and belief, lead to additional marketing messages.

17. Upon information and good faith belief, Defendant placed additional calls, and sent additional text messages, to Mr. Alvarado's cellular telephone number on dates not specifically identified herein.

18. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls and text messages, Defendant placed its calls, and sent its text messages, to Mr. Alvarado's cellular telephone number by using an automatic telephone dialing system.

19. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls, and sent its text messages, to Mr. Alvarado's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers,

or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

20. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls, and sent its text messages, to Mr. Alvarado's cellular telephone numbers by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

21. Upon information and good faith belief, Defendant placed its calls, and sent its text messages, to Mr. Alvarado's cellular telephone number for non-emergency purposes.

22.     Upon information and good faith belief, Defendant placed its calls, and sent its text messages, to Mr. Alvarado's cellular telephone number voluntarily.

23.     Upon information and good faith belief, Defendant placed its calls, and sent its text messages, to Mr. Alvarado's cellular telephone number under its own free will.

24.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls, and to send its text messages, to Mr. Alvarado's cellular telephone number.

25.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls, and send its text messages, to Mr. Alvarado's to cellular telephone number.

26.     To the extent Defendant had prior express consent to place calls, and send text messages, to Mr. Alvarado's cellular telephone by using an automatic telephone dialing system, Mr. Alvarado revoked that consent prior to the dates on which Defendant placed the calls and text messages now at issue.

27.     Mr. Alvarado suffered actual harm as a result Defendant's telephone calls and text messages at issue in that he suffered an invasion of his privacy, an intrusion into his life, and a private nuisance.

28.     As well, Defendant's telephone calls and text messages at issue depleted or consumed, directly or indirectly, Mr. Alvarado 's cellular telephone minutes and text messages, for which he paid a third party.

29.     Upon information and good faith belief, Defendant maintains business records that show all calls that it placed, and text messages it sent, to Mr. Alvarado's cellular telephone number.

30. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls, and send text messages, to telephone numbers assigned to cellular telephone service providers.

## Class Action Allegations

31. Mr. Alvarado brings this action under Federal Rule of Civil Procedure 23, and as representatives of the following two classes:

> **Call Class**: All persons and entities throughout the United States (1) to whom Conn's Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party previously (a) directed Conn's, Inc. to stop calling the number to which Conn's placed the call, (b) directed Conn's, Inc. to stop calling him/her/it, or (c) directed Conn's, Inc. to take the number to which it placed the call off of its call list.

> **Text Class**: All persons and entities throughout the United States (1) to whom Conn's Inc., sent, or caused to be sent, text messages, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the texted party previously (a) directed Conn's, Inc. to stop texting the number to which Conn's sent the text message, (b) directed Conn's, Inc. to stop texting him/her/it, or (c) directed Conn's, Inc. to take the number to which it sent its text message off of its text list.

32. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

34. The exact number of the members of the classes is unknown to Mr. Alvarado at this time, and can be ascertained only through appropriate discovery.

35. The members of the classes are ascertainable in that, upon information and belief,

their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

36. Mr. Alvarado's claims are typical of the claims of the members of the classes.

37. As it did for all members of the Call Class, Defendant used an automatic telephone dialing system to place calls to Mr. Alvarado's cellular telephone number, without prior express consent.

38. As it did for all members of the Text Class, Defendant used an automatic telephone dialing system to send text messages to Mr. Alvarado's cellular telephone number, without prior express consent.

39. Mr. Alvarado's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

40. Mr. Alvarado's' claims are based on the same theories as are the claims of the members of the classes.

41. Mr. Alvarado has suffered the same injuries as each of the members of the classes.

42. Mr. Alvarado will fairly and adequately protect the interests of the members of the classes.

43. Mr. Alvarado's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

44. Mr. Alvarado will vigorously pursue the claims of the members of the classes.

45. Mr. Alvarado has retained counsel experienced and competent in class action litigation.

46. Mr. Alvarado's counsel will vigorously pursue this matter.

47. Mr. Alvarado's counsel will assert, protect, and otherwise represent the members

of the classes.

48. The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

49. Issues of law and fact common to all class members are:

    a. Defendant's violations of the TCPA;

    b. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    c. The availability of statutory penalties; and

    d. The availability of attorneys' fees and costs.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

52. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

53. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

55.     The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

56.     The pursuit of Mr. Alvarado's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

57.     There will be little difficulty in the management of this action as a class action.

58.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

59.     Mr. Alvarado repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

60.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls, and to send text messages, to Mr. Alvarado's cellular telephone number, without his consent.

61.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Mr. Alvarado and the members of the classes he seeks to represent are entitled to damages in an amount to be proven at trial.

## Trial by Jury

62.     Mr. Alvarado is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Mr. Alvarado prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action, designating Mr. Alvarado as class representative under Rule 23 of the Federal Rules of Civil Procedure, and

designating Mr. Alvarado's counsel as class counsel under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from further violations of 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Mr. Alvarado and the members of the classes;

(c) Awarding Mr. Alvarado and the members of the classes damages under 47 U.S.C. § 227(b)(3);

(d) Awarding Mr. Alvarado and the members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

Dated: April 12, 2016          Respectfully submitted,

/s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

James L. Davidson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
jdavidson@gdrlawfirm.com

* to seek admission pro hac vice

Counsel for Plaintiff and the proposed classes